### In re EDELMAN et al.

(Circuit Court of Appeals, Second Circuit. April 5, 1904.)

No. 206.

1. BANKRUPTCY—ACTS OF BANKRUPTCY—MORTGAGE.

   A mortgage made by an insolvent, and recorded within four months prior to the filing of a petition in bankruptcy against him, if given with intent to prefer a creditor, constitutes an act of bankruptcy.

Appeal from the District Court of the United States for the Southern District of New York.

In Bankruptcy. This cause comes here upon appeal from an order of the District Court, Southern District of New York, adjudging the appellants bankrupts.

Moses Jaffee, for appellants.
Henry W. Eaton, for appellee.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

LACOMBE, Circuit Judge. The petition charges three acts of bankruptcy: (1) The making of a mortgage of real estate in Broome street to one Joseph Liebling February 13, 1903, for the sum of $2,000; (2) the making of a similar mortgage to one Ida Levy December 27, 1902, for the sum of $6,000; (3) the suffering a judgment to be entered against appellants in favor of Don A. Gaylord, one of the petitioning creditors, for $990.21, on May 1, 1903. It will be sufficient to consider one only of these acts, the mortgage to Ida Levy. Petition was filed July 9, 1903. Answer was served, and testimony upon the issues was taken before a special commissioner. The alleged bankrupts admitted the making of the mortgage, and that it was not recorded until March 12, 1903—less than four months before the petition was filed, and therefore within the time prescribed in Section 3b, Act July 1, 1898, c. 541, 30 Stat. 546 [U. S. Comp. St. 1901, p. 3422]. They also admitted that there were prior mortgages outstanding on the premises aggregating $48,000. They joined issue with the averments that said mortgage was given with intent to prefer, and that they were insolvent when it was made. To show an intent to prefer, a witness called by the petitioners testified to admissions made by Edelman, subsequent to the filing of the petition, that, besides the $48,000, the firm owed over $9,000 to various creditors; and that the mortgage to Ida Levy was given for money which had been previously loaned to the firm. The evidence was slight, but, in the absence of any testimony controverting it, and in view of the circumstance that the mortgagee did not record the mortgage until several months after its execution, it was sufficient to warrant the finding of the commissioner that the transaction was with intent to prefer. A "conditional" transfer of property "as a * * * pledge, mortgage, * * * or security" is within the provisions of section 3a (2) by the express definition of the word "transfer" which is given in section 1 (25), 30 Stat. 545 [U. S. Comp. St. 1901, p. 3420].

As to the issue of insolvency the special commissioner reports that "the alleged bankrupts have not appeared, nor have they produced their books, papers, and accounts, nor have they submitted to an examination, nor have they given testimony as to all matters tending to establish their solvency"; and the accuracy of this statement is not questioned. Therefore, under section 3d the burden of proving their solvency at the time of the commission of the act specified in 3a (2) rested upon them. Having failed to give any proof of solvency the special commissioner correctly found that the transfer by mortgage was given while insolvent.

The order confirming report of the special commissioner and adjudicating appellants bankrupts is affirmed.